ORIGINAL

PSEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No._**CV 01-9871-RGK(RCx)**___                    Date: February 14, 2003

Title: **VERIZON CALIFORNIA, INC., -v- RONALD A KATZ TECHNOLOGY LICENSING L P.,**

====================================================================

**PRESENT: THE HONORABLE R. GARY KLAUSNER, U. S. DISTRICT JUDGE**

Paul Pierson                                          None Present
Courtroom Clerk                                       Court Reporter

ATTORNEYS FOR PLAINTIFFS:                             ATTORNEYS FOR DEFENDANTS:

None present                                          None present

====================================================================

PROCEEDINGS:    (IN CHAMBERS)    ORDER GRANTING PLAINTIFF'S MOTION RE:
                                 DEFENDANT KATZ' SELECTION OF REPRESENTATIVE
                                 CLAIMS PURSUANT TO THE SEPTEMBER 25, 2002
                                 SCHEDULING ORDER

This matter is before the court on the above-entitled motion filed on December 20, 2002.   The motion

is appropriate for resolution without oral argument.  After fully considering the parties' papers, the Court rules

as follows:

**FACTUAL BACKGROUND:**

This action is brought by Plaintiff Verizon California Inc. ("Plaintiff" or "Verizon") against Defendant

Katz Technology Licensing L.P. ("Defendant" or "Katz Technology") for:

   (1)    Patent Non-Infringement

   (2)    Patent Invalidity

   (3)    Patent Unenforceability

Plaintiff seeks injunctive and declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

The following facts are alleged in the First Amended Complaint ("FAC"):

Plaintiff Verizon is a California corporation.  Plaintiff engages in using interactive voice response

ENTER ON ICMS

FEB 18 2003

202

technology to offer and provide automated customer services and calling card services.

Defendant Katz is a California limited partnership.  Katz purports to own, by assignment, the following

United States Patents ("patents-in-issue")

    (1)     Patent Number 5,128,984, issued July 7, 1992 ("'984 Patent")

    (2)     Patent Number 5,351,285, issued September 27, 1994 ("'285 Patent")

    (3)     Patent Number 5,561,707, issued Octover 1, 1996 ("'707 Patent")

    (4)     Patent Number 5,684,863, issued November 4, 1997 ("'863 Patent")

    (5)     Patent Number 5,787,156, issued July 28, 1998 ("'156 Patent")

    (6)     Patent Number 5,815,551, issued September 29, 1998 ("'551 Patent")

    (7)     Patent Number 5,828,734, issued October 27, 1998 ("'734 Patent")

    (8)     Patent Number 5,917,893, issued June 29, 1999 ("'893 Patent")

    (9)     Patent Number 6,044,135, issued March 28, 2000 ("'135 Patent")

    (10)    Patent Number 6,148,065, issued November 14, 2000 ("'065 Patent")

    (11)    Patent Number 6,292,547, issued September 18, 2001 ("'547 Patent")

(A Copy of each patent is attached as an exhibit to the FAC).

Defendant Katz alleges that Verizon has offered various services, including automated customer

services and calling card services which infringe certain patents owned by Katz, including '984, '707, '863,

'156, '551, '893, and '065.

Katz filed an action in the Eastern District of Pennsylvania (Ronald A. Katz Technology Licensing, L.P.

v. Verizon Communications Inc. and Verizon Wireless Inc., No. 01 CV 5627) alleging infringement of eleven

patents (all the patents in this suit except the '984 Patent).

## DISCUSSION

### A.    Exclusion Of Katz' Four Claims Is Warranted

Plaintiff Verizon moves this Court for an order excluding from the claim construction process, four

claims which Katz did not previously identify in its October 23, 2002 Status Report.  Those claims are: (1)

claim 80 of the '223 Patent; (2) claim 77 of the '285 Patent; (3) claim 1 of the '551 Patent; and (4) claim 80 of

the '965 Patent.

In opposition, Katz argues that because this Court denied Verizon's <u>ex parte</u> application to exclude the four claims listed above, that such a denial was a full adjudication on the merits. As such, Katz contends that Verizon's present Motion Re Defendant Katz's Section of Representative Claims Pursuant to the September 25, 2002 Scheduling Order ("Verizon's Motion Re Claims") should be treated as a Motion for Reconsideration pursuant to Local Rule 7-18. And, as a Motion for Reconsideration, Verizon fails to satisfy Local Rule 7-18's requirements. Katz also argues that if Verizon's Motion Re Claims is considered, the motion should be denied because Verizon will not prejudiced by Katz' newly added claims. However, for the reasons stated below, Katz' arguments are unpersuasive.

### 1.    This Court's Denial Of <u>Ex Parte</u> Relief Did Not Constitute Full Adjudication On The Merits

In this Court's December 20, 2002 Order denying Verizon's <u>ex parte</u> request for relief, there is no reason to conclude that denial of the <u>ex parte</u> was predicated upon a full determination on the merits. Indeed, the December 20, 2002 Order simply states that, "having read and considered said application, [the Court] hereby DENIES Plaintiff's Ex Parte." Although Defendant Katz would have this Court believe otherwise, denial of an <u>ex parte</u> by this Court should not be considered a full adjudication of the issues involved unless the Court indicates otherwise. As such, this Court concludes that there is no basis to treat Verizon's Motion Re Claims as a motion for reconsideration. Therefore, Katz' argument that Local Rule 7-18 controls is unpersuasive.

### 2.    Modification Of The Scheduling Order Is Not Support by Good Cause

Katz does not dispute that, contrary to the Court's September 25, 2002 Scheduling Order ("Scheduling Order"), and without seeking the Court's permission or notifying the Court or Verizon, Katz added four claims on its December 5, 2002 list of twenty (20) representative claims that it failed to include on its preliminary list of thirty-six (36) claims. Such an act by Katz' is fatal to Katz' position because Katz' addition of claims was not authorized by the Scheduling Order which states, in pertinent part, that:

(1)    Defendant Katz shall not identify more than three (3) representative claims per

3

patent for its infringement case;

(2)     Katz shall identify no more than twenty (20) representative claims <u>from those</u> <u>previously identified</u> for a claim construction hearing[.]

((Scheduling Order) (emphasis added)).

Because Katz did not identify its twenty (20) claims from "those previously identified," from Katz' previous list of thirty-six (36) claims,[1] it appears that Katz violated the Court's September 25, 2002 Scheduling Order.  In addition, there appears to be no good cause to permit modification of the Scheduling Order to allow for the four claims to be added.

Pursuant to Federal Rules of Civil Procedure, a pretrial scheduling order may be modified upon a showing of "good cause."  Fed. R. Civ. P. 16 (b).  The "good cause" inquiry primarily concentrates on the moving party's diligence.  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  If the scheduling order "cannot reasonably be met despite the diligence of the party seeking the [change]" the schedule may be modified.  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. Advisory Committee's Notes (1983 Amendment)); <u>Zivkovic v. S. California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).  However, carelessness does not equate to good cause.  <u>United States of</u> <u>America v. Boyce</u>, 148 F. Supp. 1069, 1078 (S.D. Cal. 2001) (citing <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992)).

In the present case, Katz did not seek the Court's permission or notify the Court or Verizon of its alleged necessity to add claims in violation of the Scheduling Order.  As such, this Court cannot conclude that Katz has not been diligent.

In light of the foregoing analysis, this Court concludes that modifying the Scheduling Order to allow Katz to substitute four claims not previously disclosed in its preliminary list of thirty-six (36) claims is not warranted.

//

---

[1] On October 23, 2002, Katz served and filed a Status Report identifying its thirty-six representative claims.

**CONCLUSION**

Accordingly, this Court **grants** Plaintiff's Motion Re Defendant Katz's Selection of Representative

Claims.